## Cooper v. Pennsylvania Hospital

*Allan H. Starr*, for defendant.

*Agnes M. Johnson Wilson*, for additional defendants.

FRANKSTON, *Administrator*, August 22, 1980 —On January 3, 1980 plaintiffs filed a complaint against Dr. Bolton and Pennsylvania Hospital alleging the rendition of negligent medical care to the person of wife-plaintiff. Thereafter, on April 3, 1980, Dr. Bolton filed a complaint joining as additional defendants Drs. Amonitti and Zachary. Count II of that complaint, which is the only matter in this action presently before us, alleges that additional defendants Amonitti and Zachary intentionally or negligently breached their partnership agreement with and oral promise to defendant Bolton to procure the requisite medical malpractice insurance coverage for him and misrepresented that they had done so. Additional defendants have denied defendant Bolton's allegations and in new matter asserted that a "partnership termination"

agreement entered into among the three partners bars any claim defendant Bolton may assert against additional defendants. By order dated July 24, 1980 we directed the parties to show cause why this portion of defendant's complaint should not be dismissed for lack of jurisdiction.

In response to our order, defendant Bolton filed a petition and memorandum of law arguing that the arbitration panels should retain jurisdiction of this portion of his complaint as insurance coverage is the basis upon which the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. § 1301.101 et seq., is constructed and is a proper subject over which the arbitration panels may exercise jurisdiction.

Though we are aware that the issues presented in count II of defendant's complaint will substantially affect the determination of which party or parties must compensate plaintiffs should they ultimately prevail, we believe that the arbitration panels have neither jurisdiction nor the expertise to determine the construction to be given to the partnership and termination agreements and the duties, responsibilities, or defenses conferred upon the individual partners by reason of those agreements.

The jurisdiction of the arbitration panels is set forth in section 309 of the act, 40 P.S. § 1301.309:

"Jurisdiction of arbitration panel The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is

made a party defendant with a health care provider."

The Commonwealth Court has construed the above-quoted section in conjunction with section 502 (joinder of additional parties), in Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A.2d 1295 (1978), holding that the intent of the act is to adjudicate malpractice claims brought by patients against health care providers, and that other alleged tortfeasors are necessary parties under section 502 of the act, 40 P.S. § 1301.502, only if their joinder is necessary to determine if the conduct of the originally named health care provider constitutes medical malpractice. See also Smith v. Linn, _____ Pa. Commonwealth Ct. _____, 414 A.2d 1106 (1980); Geisinger Medical Center v. Fisher, _____ Pa. Commonwealth Ct. _____, 413 A.2d 462 (1980). Thus, count I of defendant's complaint justifies the joinder of the additional defendants since it alleges negligent treatment of a patient. However, count II involves a contractual dispute between defendant-physician and the additional defendants as to the procurement of insurance coverage required by the act. Even though the act mandates such coverage, it does not follow that the arbitration panels have jurisdiction to resolve disputes conerning the implementation of that mandate. Accordingly, we issue the following

## ORDER

And now, August 22, 1980, upon consideration of the foregoing opinion, it is hereby ordered and decreed that count II of defendant Bolton's complaint against additional defendants Amonitti and Zachary shall be transferred to the Court of Common Pleas of Philadelphia County.